UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JANYVES DESHAZIER,

                      Plaintiff,

         -against-

THE CITY OF NEW YORK, POLICE OFFICER JASON
WITTHOHN SHIELD NO. 23887.

                      Defendants.

------------------------------------------------------------------ x

CV-09-1609

**COMPLAINT**

Jury Trial Demanded

VITALIANO, J.

POLLAK M.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. This case arises from a July 23, 2008 incident in which a member of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault and battery, fabricated evidence, and malicious prosecution. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New

York. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because the acts in question in this lawsuit took place in this District.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Jason Witthohn is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on July 23, 2008. Witthohn is sued in his individual and official capacities.

## STATEMENT OF FACTS

7. On July 23, 2008 at approximately 9:40 a.m., in the vicinity of 741 Broadway, Brooklyn, New York, Police Officer Witthohn arrested plaintiff without cause and falsely charged him with disorderly conduct and resisting arrest.

8. At all relevant times, plaintiff was not involved in criminal activity. Plaintiff was merely taking the subway to work, sitting in a single seat with his eyes closed, when Officer Witthohn asked plaintiff to exit the train. Plaintiff complied, exiting at the Broadway Junction train stop. Upon exiting the train, plaintiff experienced a painful cramp in his leg, and briefly sat down on the train platform to relieve his pain.

9. Officer Witthohn kicked plaintiff and demanded that he produce identification. Plaintiff rose, and asked the officer why he was kicking plaintiff. Officer Witthohn then sprayed mace in plaintiff's face. Despite the macing, plaintiff extended his arm offering Officer Witthohn his wallet. Officer Witthohn then maced plaintiff a second time.

2

10. In the course of, and subsequent to, arresting plaintiff, Officer Witthohn and Officer Doe, subjected plaintiff to assault and battery and excessive force by macing plaintiff and placing handcuffs on plaintiff in an unnecessarily tight manner, causing numbness to plaintiff's hands, leaving marks on him wrists.

11. Plaintiff was subsequently taken to the precinct at the Broadway Junction subway precinct where Paramedics came to treat plaintiff for the pain and discomfort caused by plaintiff's macing.

12. At approximately 2:00 p.m., plaintiff was taken to Brooklyn Central Booking.

13. While plaintiff was in Central Booking, awaiting arraignment, Officer Witthohn met with a prosecutor employed by the Kings County District Attorney's Office.

14. The officer misrepresented to the prosecutor that plaintiff had committed the crimes of disorderly conduct, and resisting arrest.

15. As a result of the aforesaid misrepresentation, misdemeanor charges were filed against plaintiff.

16. On July 23, 2008, at approximately midnight plaintiff was arraigned and released. Plaintiff appeared in court twice more, receiving an "ACD" on December 4, 2008.

17. As a result of defendants' actions, plaintiff experienced physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, pain and suffering, loss of liberty, and damage to reputation.

**FEDERAL CLAIMS AGAINST POLICE OFFICER WITTHOHN AND OFFICER JOHN DOE**

18. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-17 as if fully set forth herein.

19. The conduct of Police Officer Witthohn, as described herein, amounted to false arrest, excessive force, fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK

20. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-19 as if fully set forth herein.

21. The City of New York directly caused the constitutional violations suffered by plaintiff.

22. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that the individual defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

23. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper,

including injunctive and declaratory relief.


DATED: April 16, 2009
New York, New York

> Robert Marinelli
> 26 Court Street, Suite 1815
> Brooklyn, New York 11242
> (718) 935-0100
>
> By:
>
> ROBERT MARINELLI (RM-4242)